IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ERIN GARRISON,

      Plaintiff,                    No. 2:10-cv-1080 JAM KJN P

      vs.

JAMES TILTON, et al.,

      Defendants.            <u>ORDER</u>

                                      /

         Plaintiff, a state prisoner proceeding without counsel, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed in forma pauperis.

         Although directed by the court to file a completed application to proceed in forma pauperis or to pay the filing fee (Dkt. No. 3), plaintiff has filed an incomplete in forma pauperis application. Plaintiff's affidavit contains neither a certificate signed by an authorized officer indicating the balance in plaintiff's prison trust account, nor a certified trust account statement. (<u>See</u> Dkt. No. 7.) Plaintiff will be provided one additional opportunity to either submit a completed affidavit in support of his request to proceed in forma pauperis or to submit the full filing fee of $350.00.

         However, plaintiff is informed that his complaint, while appearing to state a potentially cognizable Eighth Amendment claim, expressly acknowledges that plaintiff had not,

1

at the time of filing, exhausted his administrative remedies. A prisoner may not bring a Section 1983 action until he has exhausted the administrative remedies that are available to him. 42 U.S.C. § 1997e(a). This requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). While a plaintiff may add newly exhausted claims to an existing action, see Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010) (authorizing amended complaint containing newly exhausted claims based on related conduct that occurred after the filing of the original complaint), generally "a prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court," id. at 1004, citing McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam), and Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006).[1] Thus, if plaintiff has now exhausted the claims set forth in his complaint, he should file a new and separate action.

The court presently informs plaintiff of the problem with his complaint so that he may make a reasoned decision whether to again seek leave to proceed in forma pauperis, the granting of which would commence immediate withdrawals from plaintiff's prison trust account.[2] The court's review is provisional.[3] Plaintiff is cautioned that if he chooses to proceed further by either paying the full civil filing fee required by 28 U.S.C. § 1914(a), or sufficiently moving to proceed in forma pauperis, his current complaint will be screened by the court and may be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b)

---

[1] California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An administrative grievance/appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and the "action requested." This court's review is limited to claims first made in a CDC form 602, and pursued through the Director's Level Review, or that become apparent pursuant to the investigation or interviews conducted in response to such grievance.

[2] Even if in forma pauperis status is accorded, a plaintiff is required to pay, over time, the full statutory filing fee of $350.00. 28 U.S.C. §§ 1914(a), 1915(b)(1).

[3] After plaintiff's payment of the filing fee or the court granting in forma pauperis status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

regardless of payment or fee status.  See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

For the foregoing reasons, IT IS HEREBY ORDERED that, IF plaintiff intends to pursue the instant action:

1. Plaintiff shall submit, within thirty days after service of this order, on the form provided by the Clerk of Court, a completed affidavit in support of his request to proceed in forma pauperis, including a completed Certificate or Certified Trust Account Statement signed by an authorized officer, or plaintiff shall submit the $350.00 filing fee.

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner, as used in this District.

3. Plaintiff shall submit, within thirty days after service of this order, an amended complaint that demonstrates the administrative exhaustion of his claims.

4. The Clerk of the Court is directed to send plaintiff a blank Civil Rights Complaint By a Prisoner, as used in this District.

5. Failure to timely comply with this order will result in a recommendation that this action be dismissed.

SO ORDERED.

DATED: November 29, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

garr1080.lta