IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ERIN GARRISON,

    Plaintiff,                    No. 2:10-cv-1080 JAM KJN P

    vs.

JAMES TILTON, et al.,           ORDER and

    Defendants.          ORDER TO SHOW CAUSE

_____/

        Plaintiff again requests an extension of time to respond to this court's order filed November 30, 2010. That order (Dkt. No. 8) found that plaintiff's application to proceed in forma pauperis was incomplete, and that plaintiff's complaint, while appearing to state a potentially cognizable Eighth Amendment claim, expressly stated that plaintiff had not exhausted his administrative remedies. The court directed plaintiff to file, within thirty days, a completed in forma pauperis application (or to pay the filing fee), and an amended complaint demonstrating that the claim(s) therein had been administratively exhausted.[1] The court stated that failure to

---

[1] The court informed plaintiff that it is mandatory that a prisoner exhaust his administrative remedies before commencing a Section 1983 action. 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001). Although the court acknowledged that a plaintiff may *add* newly exhausted claims to an existing action, Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010) (authorizing amended complaint containing newly exhausted claims based on related conduct that occurred after the filing of the original complaint), the action cannot be *commenced* until the initial claims have been administratively exhausted.

respond would be construed as a request for dismissal, leaving plaintiff with the option of filing a new civil rights action after he exhausted his administrative remedies. On January 3, 2011, the court granted plaintiff's request for an extension of time to comply with the court's order. (Dkt. No. 10.)

Plaintiff now informs the court that he requires an additional sixty days to "exhaust all administrative remedies." (Dkt. No. 11, at 2, 3.) Plaintiff appears to ask the court, in effect, to "hold his place" based on the premature filing of his complaint, while he pursues the administrative exhaustion of his claim(s); moreover, plaintiff has not yet filed a completed in forma pauperis application or paid the filing fee.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall, within fourteen days after the filing date of this order, file a completed in forma pauperis application or pay the filing fee;

2. Plaintiff shall also, within fourteen days after the filing date of this order, show cause in writing why this action should not be dismissed for failure to exhaust administrative remedies;

3. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner, as used in this District; and

4. Failure of plaintiff to timely comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: February 9, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

garr1080.osc